FILED
2016 Aug-08  PM 02:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| REBA WILLIAMS, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )     No. 4:15-cv-0906-JEO |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant. | ) |

### MEMORANDUM OPINION

Plaintiff Reba Williams ("Williams") brings this action pursuant to 28 U.S.C. § 405(g), seeking review of the final decision of the Acting Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits. (Doc. 1).[1] Upon review of the record, the Court finds that the Commissioner's decision is due to be affirmed, and that Plaintiff's request for a remand (doc. 10 at 14) is due to be denied.

### PROCEDURAL HISTORY

On May 29, 2012, Williams filed an application for a period of disability and Disability Insurance Benefits with the Social Security Administration. (R. 290-91).[2] The claim was initially denied on November 8, 2012. (R. 297). Williams then requested a hearing before an Administrative Law Judge ("ALJ") on December 12, 2012. (R. 304). On November 1, 2013, the ALJ conducted a video hearing, which Williams and her attorney attended. (R. 221). A vocational expert also appeared at the hearing. (*Id*.). On February 26, 2014, the ALJ issued a

---

[1] References herein to "Doc. ___" are to the record numbers assigned by the Clerk of the Court. Page references are to the electronic numbers at the top of the page assigned by the Clerk.

[2] References herein to "R. ___" are to the administrative record found at Doc. 7.

decision denying Williams's claim. On October 24, 2014, Williams requested the Social Security Appeals Council review the ALJ's decision.  (R. 426). The Appeals Council denied Williams's request for review on March 27, 2015, making the Commissioner's decision final. (R. 6–9). Williams filed this action for judicial review under 42 U.S.C. § 405(g) on May 29, 2015.

## STANDARD OF REVIEW

This court must determine (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the Commissioner applied the proper legal standards. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  Substantial evidence is what "a reasonable person would accept as adequate to support a conclusion."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).  It is "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  Accordingly, the court reviews the ALJ's factual findings with deference.  *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).  By contrast, the court reviews questions of law *de novo*, applying close scrutiny to the ALJ's legal conclusions.  *Id.*  In determining whether the Commissioner's decision is supported by substantial evidence, the court must consider new evidence submitted to the Social Security Appeals Council.  *Ingram v. Commissioner of Social Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007).

## STATUTORY FRAMEWORK

To qualify for Disability Insurance Benefits for a period of disability, a claimant must establish disability on or before the date she was last insured for disability insurance benefits. *See* 42 U.S.C. §§ 423(a)(1)(E) & (c); 416(i)(3).  The term "disability" is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).

To determine the claimant's disability status, the Commissioner employs a five-step evaluation of the evidence in the record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The Commissioner must determine whether the claimant (1) is engaged in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment that (3) meets CFR list criteria[3] and duration requirements; (4) has the residual functional capacity to perform the requirements of her past relevant work, or (5) is capable of doing any other work. *See* 20 C.F.R. §§ 404.1512(a) & 404.1520(a). At stop four, the claimant must demonstrate that she cannot perform her past relevant work. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). If the claimant can still do her past relevant work, she will be deemed not disabled. 20 C.F.R. § 404.1520(a)(4)(iv).

## FINDINGS OF THE ALJ

Williams was 50 years old at the time of the alleged onset of her disability. (R. 227). She has a high school education. (*Id.*). Williams last worked at Acosta Grocery in 2005, and left that job to care for her mother. (R. 227). Her impairments did not prevent her from working at that time. (*Id.*). Williams testified that her alleged onset of disability was August 31, 2009, the date of her back surgery. (*Id.*). Williams has relevant past work experience as an assistant retail manager, quality control technician, floral merchandizer, and order clerk. (R. 234). Applying the five-point test, the ALJ found as follows: First, Williams did not engage in substantial gainful activity during the period from her alleged onset date of August 31, 2009, through her date last

---

[3] The claimant's mental or physical impairment must meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525–26). *See* 20 C.F.R. § 404.1520(a)(4)(iii).

insured of December 31, 2010. (R. 223).  Second, as of December 31, 2010, Williams had the following "severe" medically determinable physical impairments: diffuse osteoarthritis, status post cervical and lumbar surgeries, and disc bulges of the spine. (*Id.*).  Williams's medically determinable impairments of anxiety, depression, and diverticulosis were "nonsevere." (*Id.*).  Third, none of Williams's impairments met the CFR list requirement, as of her date last insured. (R. 225).  Fourth, Williams had the residual functional capacity to perform light work as an assistant retail manager, quality control technician, floral merchandiser, or order clerk during the period from her alleged onset date to the date last insured. (R. 233).  Accordingly, the ALJ further found that Williams was "not disabled" at any time from August 31, 2009, through December 31, 2010, the date last insured. (R. 234).

## DISCUSSION

Plaintiff alleges that the ALJ failed to fully develop the record by not obtaining certain medical records[4] from Mizell Memorial Hospital ("MMH") dated December 1, 2006, through December 31, 2010, and that the Appeals Council erred by failing to consider the new evidence. (Doc. 10 at 2, 27; Doc. 15 at 3-4).  Plaintiff asks that the court remand the case to allow an ALJ to review the additional medical records. (Doc. 10 at 14).  Plaintiff next argues that the ALJ's decision was not based on substantial evidence when the additional evidence is considered. (Doc. 15 at 4).  Plaintiff also argues that the ALJ erred by failing to accord proper weight to the opinion of Dr. Clark S. Metzger, M.D. ("Dr. Metzger"), Plaintiff's treating physician at MMH, and by failing to state specific reasons for doing so.  (Doc. 10 at 2, 27; Doc. 15 at 4).  Each matter will be addressed below.  In her reply brief, Plaintiff also asserts the ALJ applied the wrong standard when he concluded that she could perform her past work.  Finally, she argues the

---

[4] The medical records at issue are found in the record at pages 985-2571.

finding that she could perform her past work is not supported by substantial evidence.  (R. 15 at 6).

## A.     ALJ's Duty to Fully Develop the Record

Although the claimant bears the ultimate burden of production, the ALJ has a basic duty to fully and fairly develop the record, and is to make "every reasonable effort" to assist the claimant in developing her complete medical history.  20 C.F.R. § 404.1512(d); *see also Sims v. Apfel*, 350 U.S. 103, 120 (2000); *Ellison*, 355 F.3d at 1276.  The administrative record is fully and fairly developed when there is sufficient medical evidence for the ALJ to make an informed determination about the nature and severity of a claimant's impairments and her residual functional capacity to do work-related activities.  *See* 20 C.F.R. § 404.1513(e); *Bellew v. Comm'r of Soc. Sec.*, 605 F. App'x 917, 932 (11th Cir. 2015).[5]  In cases where the record is not fully developed, courts will remand for further consideration if the plaintiff can show evidentiary gaps that resulted in "clear prejudice."  *See Bellew*, 605 F. App'x at 932; *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).

Here the court finds that the administrative record was fully developed because the ALJ had sufficient medical evidence to determine the severity of Williams's impairments and evaluate her residual functional capacity.  There are no evidentiary gaps in the record sufficient to show clear prejudice.

The ALJ considered an administrative record containing 529 pages of medical records, dating from November 28, 2005, to October 2, 2013. (R. 456-984).  Plaintiff submitted MMH records dating from November 28, 2005, to September 22, 2013 (R. 985-2571) to the Appeals Council.  However, the administrative record already contained Williams's MMH records dated

---

[5] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, the may be cited as persuasive authority.  11th Cir. R. 36-2.

from June 12, 2008, to November 5, 2010, and September 22, 2013.  (R. 484-756, 964-65).

Plaintiff points to the following evidentiary gaps in the record: an ER physician's report for

frequent migraine headaches dated December 1, 2006 (R. 1579-84); carpel tunnel surgery

records dated December 20, 2007 (R. 1010-30); admission for pulmonary embolism on February

19, 2008 (R. 1005-09, 1031-38); transfer from MMH to Flowers Hospital due to gastrointestinal

bleeding and multiple antral ulcers (related to the pulmonary embolism) on February 22, 2008

(R. 1042-44, 1105, 1174-75); MRI records showing disc bulges at L3-4 and L5-S1 and "DDD

[with] nerve root impingement at L5-S1" dated March 24, 2008 (R. 1235); and an ER

physician's report for a migraine headache with nausea dated September 12, 2008 (R. 1106-11,

1222-27).

    Evidence of the infirmities listed in Plaintiff's purported evidentiary gaps is present

throughout the record considered by the ALJ.  *See generally*, (R. 463-472, 517).  Further, many

of the purported infirmities in the record concern dates before the alleged onset of Plaintiff's

disability.  Moreover, Plaintiff does not make any argument as to the relevance of the absent

records to the alleged disability period of August 31, 2009 – December 31, 2010.  Additionally,

Plaintiff testified that she chose to stop working in 2005-06 to take care of her mother. (R. 247–

48).  She further testified that her period of disability began when she had back surgery. (R. 257).

Nowhere in the administrative record does Plaintiff allege that her disability was caused by

carpel tunnel, migraine headaches or pulmonary embolus.  While Plaintiff's preexisting spinal

injury, indicated by the MRI report (R. 1235), is relevant to the alleged cause of her disability,

that evidence was included in the administrative record considered by the ALJ (R. 517).

    Because Plaintiff does not point to any material information that was not available to the

ALJ, the court finds that the administrative record includes sufficient medical evidence to

determine the severity of Williams's impairments and evaluate her residual functional capacity. Further, because the ALJ had access to all the relevant information in Plaintiff's purported evidentiary gaps, the absence of any specific materials was not clearly prejudicial to her case.

**B.     The ALJ's Decision**

Plaintiff argues that the ALJ's decision "is not based on substantial evidence when the [evidence] submitted to the Appeals Council [is] considered." (Doc. 15 at 4).  As discussed above, much of the evidence submitted to the Appeals Council is duplicative of information contained in the administrative record considered by the ALJ, or irrelevant.  Additionally, Plaintiff's counsel at the administrative hearing stated that the record was complete except for some records unrelated to the present issue.  (*See* R. 242-43).  Further, Plaintiff does not contest the ALJ's findings absent the evidence submitted to the Appeals Council.  Therefore, this court finds that the decision of the ALJ is due to be affirmed.

**C.     The Appeals Council's Decision**

"[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate."  *Washington v. Soc. Sec. Adm.*, 806 F.3d 1317, 1321 (11th Cir. 2015) (citations omitted).  In its Notice of Action in this case, the Appeals Council stated, "we considered . . . the additional evidence listed on the enclosed Order of Appeals Council,"[6] and

---

[6] Plaintiff argues that the Appeals Council had "refused to consider the submissions on the mistaken belief that they were all dated after the ALJ's decision." (Doc. 10 at 14; Doc. 15 at 3). As to the medical records, the Appeals Council stated, in pertinent part, that they were "about a later time.  Therefore, [they] do[] not affect the decision about whether you were disabled at the time you were last insured for disability benefits."  (R. 7).

found that the additional information "does not provide a basis for changing the [ALJ's] decision."[7] (R. 7).

Even if the court assumes this additional evidence should have been considered by the Appeals Council and was not, Plaintiff is entitled to no relief.  As noted by the Appeals Council, the additional evidence does not provide a basis for changing the ALJ's decision. (*See* R. 7).  Additionally, as stated by the Council, much of the evidence related to the period after the date last insured. (*Id*.).  Nothing before the court indicates otherwise.  *See Mitchell v. Comm'r of Soc. Sec*., 771 F.3d 780, 785 (11th Cir. 2014).  Plaintiff's conclusory protestations to the contrary are not enough.  *Id.*

**D.      Dr. Metzger's Medical Opinion**

**1.      Dr. Metzger**

Plaintiff argues that the ALJ failed to accord proper weight to Dr. Metzger's medical opinion as a treating physician.  (Doc. 10 at 15).  Instead, she asserts, the ALJ is substituting his opinion for that of the treating doctor.  (*Id*. at 16).

Dr. Metzger opined in August 2009 that Plaintiff should avoid any bending stooping, or lifting of greater than 10 pounds. (*Id*.).  In considering this claim, the court must review the decision of the ALJ to determine if he stated "with particularity the weight given to different medical opinions and the reasons therefore. . . .  In the absence of such a statement, it is

---

[7] Evidence listed on the "Order of Appeals Council" (R. 12-13) includes the following Exhibits: 13E – Representative Brief dated October 24, 2014; 13F, 14F, 15F, 16F – Medical Records from MMH dated December 1, 2006 to September 22, 2013; 17F – Medical Records from MMH dated November 28, 2005 to February 19, 2008; 18F – Medical Records from MMH dated February 19, 2008 to February 22, 2008; 19F – Medical Records from MMH dated February 19, 2008 to March 19, 2008; 20F – Medical Records from MMH dated October 2, 2009 to December 30, 2009; 21F – Medical Records from MMH dated January 6, 2010 to October 5, 2010; 22F – Medical Records from MMH dated October 7, 2010 to June 10, 2011.

impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (internal quotation marks and citations omitted); *see also McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015).

The ALJ specifically stated that he gave "*little* weight to Dr. Metzger's opinion" because it was "made the day the claimant was discharged from the hospital after back surgery." (R. 232 (italics added)). Opinion evidence of a treating physician is to be given controlling weight if, among other things, it "is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). The court agrees with the ALJ's finding that Dr. Metzger's advice is inconsistent with Plaintiff's daily activities (R. 232-33, 262-64). Additionally, during the relevant period, Plaintiff's medical records demonstrated that Plaintiff's symptoms had improved. (R. 229, 864). Further, her MRI demonstrated only mild abnormalities in her spine (R. 882-84). In light of this evidence and the timing of Dr. Metzger's opinion, the ALJ was correct in affording little weight to the opinion. Because the ALJ stated with particularity the reasons for giving the opinion little weight, there is no error.

### 2.     Dr. Buchalter

As part of Plaintiff's challenge to the ALJ's assessment of Dr. Medzger, Plaintiff argues that the ALJ failed to address the medical records of Dr. Jeff Buchalter. (Doc. 10 at 16). The Commissioner responds that Plaintiff has waived this argument because she did "not specifically cite to any of her records or identify any records that support limitations more restrictive than assessed by the ALJ…." (Doc. 12 at 16 (record citations omitted)). In her reply brief, Plaintiff simply states that "Dr. Metzger is an orthopedic surgeon and referred Ms. Williams to Dr.

Buchalter, who is a pain specialist.  From 2006 to 2012, they coordinated Ms. Williams'
treatment for severe neck, back, and hip pain."  (Doc. 15 at 6).

      **a.  Waiver**

      The Eleventh Circuit Court of Appeals has consistently noted, "When an appellant fails
to offer argument on an issue, that issue is abandoned." *Sepulveda v. United States Att'y Gen.*,
401 F.3d 1226, 1228, n.2 (11th Cir. 2005).  The Court has also stated, "Nor will we consider an
issue raised only in passing or in a way that eschews legal argument or authority." *Buttram v.
Comm'r of Soc. Sec.*, 594 F. App'x 569, 572 (11th Cir. 2014) (citing *Sapuppo v. Allstate
Floridian Ins. Co*., 733 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant
abandons a claim when he either makes only passing references to it or raises it in a perfunctory
manner without supporting arguments and authority."); *Scott v. Comm'r Soc. Sec.*, 440 F. App'x
726, 728 (11th Cir. 2011) (citing *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n. 6
(5th Cir. 1989) (explaining that issues raised in a brief, but not supported by argument are
waived)); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (noting that a plaintiff
waived an issue because he did not elaborate on his claim or provide citation to authority about
the merits of the claim). The court in *Buttram* also stated that "this rule applies with equal force
in social security appeals." *Id.* (citing *Crawford v. Comm'r of Soc. Sec*., 363 F.3d 1155, 1161
(11th Cir. 2004)).  However, at least one judge on this Court has held that the waiver rule
implicated by the failure to file a brief "applies to briefs filed in the federal *circuit* court, not
briefs filed in the federal *district* court." *Weems v. Astrue*, 2012 WL 2357743 *8 (N.D. Ala. June
19, 2012) (Bowdre, J.) (italics in original).  Additionally, Chief Judge Karon O. Bowdre noted
that "the majority of districts, including the Northern District of Alabama, have reviewed the
record to determine whether the ALJ properly applied legal standards and supported his factual

conclusions with substantial evidence, despite the claimant not filing a brief." *Id.* (citing *Mitchell v. Apfel*, 1999 U.S. Dist. LEXIS 17549 (N.D. Ala. 1999); *see also Beckstrom v. Astrue*, 2011 U .S. Dist. LEXIS 38224, *6 (D. Az. 2011) (finding the filing of briefs unnecessary in social security disability complaints).  Finally, she noted that "the notice to parties issued by the clerk of this court upon receipt of social security disability benefits pleadings states that the court does not require briefs.  Thus, failing to file a brief is neither fatal nor a waiver of claims or review." *Id.*

The present situation is different from the authorities cited above.  Plaintiff's counsel did file a brief and counsel did cite cases when discussing the issue concerning the Dr. Buchalter recrods.  (*See* Doc. 10 at 16-21).  In the reply brief, after the waiver issue was raised, counsel failed to respond to the argument.  However, because of this court's responsibility to determine whether the ALJ properly applied the relevant legal standards and whether his factual conclusions are supported by substantial evidence, the court does not find a waiver under the particular circumstances.

### b.  The Merits

Plaintiff's argument is without out merit for a number of reasons.  First, while the ALJ did not refer to Dr. Buchalter by name, he did review and specifically discussed the only Buchalter record that fell within the relevant adjudicatory period – the December 2, 2010 treatment visit.  (R. 230, 943-44).  Second, the only Buchalter record during this period shows that Plaintiff received an injection to her left hip for pain.  (*Id.*). To properly evaluate the significance of this treatment, Plaintiff's other medical records should be considered as well.  In November 2010, Dr. Metzger saw Plaintiff for complaints of hip pain.  (R. 230).  According to those records, Plaintiff "was in no acute distress" and was neurovascularly intact.  Her MRI

showed her prior fusion, but revealed no other significant problems.  (*Id*. at 230 & 882).

Plaintiff's November 5, 2010 MRI "revealed no significant abnormalities of the left hip," but the

radiologist noted "findings suggestive of 'slight' left-side disc bulging in the lower lumbar spine,

which might be referring pain to the hip." (*Id.*).  Dr. Metzger then referred Plaintiff to Buchalter

for consultation and for an injection to the left hip.  During her December 2, 2010 visit,

Buchalter noted "very good results" with her lumbar decompression and that she exhibited only

"mild" distress during her physical examination.  (R. 943).  She had an intraarticular hip

injection on January 5, 2011–five days following her date last insured.  (R. 941-41).  She

continued to have some pain in her left hip and groin, which resulted in additional surgical

procedures for the treatment of her pain during 2011.  Plaintiff's next visit with Dr. Metzger was

eight months later on August 29, 2011.  The visit notes do not reflect that Plaintiff was

experiencing acute distress.  Dr.  Metzger's physical examination of her hip range of motion

indicated only "minimal discomfort" at that juncture.[8]  (R. 860).

　　　While the foregoing evidence supports the ALJ's conclusion that Plaintiff's symptoms

appear to have worsened, it does not demonstrate that Plaintiff's condition precluded her from

performing light work with limitations during the insured period. (R. 226-33).  The decision of

the ALJ, therefore, is due to be affirmed concerning this challenge.

　　　**E.      The ALJ's Finding That Plaintiff Could Perform Past Relevant Work**

　　　Plaintiff argues that "[t]he ALJ did not apply the proper legal standards in determining

that claimant can perform her past work and the finding was not supported by substantial

---

[8] Plaintiff did complain to Dr. Metzger that the intra-articular injections of her hip did not do any good.  She also stated that she was miserable.  (R. 860).  Dr. Buchalter's records following the January 2011 procedure support Plaintiff's contention that the injections did not alleviate all of her pain.  (*See* R. 926-27, 930-31, 932-33, 934, 936-37 & 938-39).  However, this treatment occurred after the insured period.

evidence." (Doc. 10 at 27; Doc. 15 at 10). The Commissioner argues that Plaintiff has waived this argument because she "never cites to the administrative record or applies any of the numerous cases cited to the particular facts of this case…." (Doc. 12 at 18). The Commissioner also argues that this argument is without substantive merit.

Plaintiff offered no citations or specific argument directed to the facts of the present case. She simply cited cases from various courts and concludes the ALJ applied the wrong standard and his determination was not supported by substantial evidence. When the Commissioner pointed this out in her responsive brief, Plaintiff did the exact same thing in her reply brief. Arguably, that simply is not adequate to preserve an issue. However, premised on the reasoning in the last section, the court finds this claim is not deemed waived.

This claim, however, is without merit. A claimant bears the initial burden of proving that she is unable to perform her past relevant work. *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990). The ALJ should consider the physical and mental requirements of the claimant's prior jobs, along with the evidence in the record, when determining whether the claimant has the residual functional capacity to perform past relevant work.

The ALJ in this instance determined that Plaintiff had the residual functional capacity to do light work as defined in 20 C.F.R. § 404.1567(b).[9] The ALJ considered the objective medical evidence, the Plaintiff's credibility, and medical opinion evidence. (R. 226). The ALJ found

---

[9] Except that Plaintiff could sit, stand and walk at least two hours each without interruption; sit at least six hours total over the course of an eight-hour workday; stand and/or walk at least six hours total over the course of an eight-hour workday; frequently use her upper extremities to reach in all directions, push and pull; frequently use her lower extremities for pushing, pulling, and operating controls; could not climb ladders, ropes, poles, or scaffolds; could occasionally climb ramps and stairs; could frequently balance, stoop, kneel, and crouch; could not crawl; could occasionally work in wetness, humidity, and extreme heat; could not work in extreme cold; at unprotected heights; with operating hazardous machinery; nor subject to vibration; but could frequently operate motorized vehicles. (R. 226).

that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible" because of "inconsistent statements" made by Plaintiff. (R. 228, 231). Additionally, as noted above, the ALJ afforded "little weight" to Dr. Metzger's opinion that Plaintiff should avoid bending, stooping, or lifting more than 10 pounds, because he made those statements on a discharge summary following Plaintiff's back surgery. (R. 232-33). Further, the ALJ reasoned, the opinion evidence was inconsistent with "subsequent diagnostic testing" and "her activities of daily living." (R. 233).

Finding that Plaintiff had the residual functional capacity to perform past relevant work, the ALJ considered Plaintiff's self-prepared "Work History Report" (R. 395–402) and the testimony of the vocational expert. The vocational expert stated that a hypothetical person with Plaintiff's residual functional capacity could perform light work as an assistant retail manager, quality control technician, floral merchandiser, or order clerk. (R. 285-86). The court finds that "a reasonable person would accept [the vocational expert's testimony] as adequate to support a conclusion" that Plaintiff was capable of performing past relevant during the relevant period from August 31, 2009, to December 31, 2010. *Phillips*, 357 F.3d at 1240 n.8; *see McCormick*, 619 F. App'x at 858-59; *Scott*, 440 F. A pp'x at 728. Thus, the court further finds that the ALJ's decision is supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is due to be affirmed and Plaintiff's request for a remand is due to be denied.

**DATED**, this 8th day of August, 2016.

**JOHN E. OTT**
Chief United States Magistrate Judge